```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF INDIANA
                    HAMMOND DIVISION


KEMP J. SIMONETTO,              )
                                )
Plaintiff,                      )
                                )
vs.                             )   NO. 2:04-CV-162
                                )
BOARD OF TRUSTEES OF PURDUE     )
UNIVERSITY, PURDUE UNIVERSITY   )
CALUMET, and EUGENE DEFELICE,   )
                                )
Defendants.                     )
```

## OPINION & ORDER

This matter is before the Court on: 1) Defendant Eugene DeFelice Motion for Summary Judgment, filed on December 10, 2004; 2) the Motion for Summary Judgment by the Board of Trustees of Purdue University and Purdue University Calumet, filed on December 13, 2004; and 3) Defendant Eugene DeFelice's Motion to Strike Declaration of Plaintiff, filed on February 23, 2005.  For the reasons set forth below, the motions for summary judgment are **GRANTED**; the motion to strike is **DENIED AS MOOT**.  The Clerk is **ORDERED** to **DISMISS COUNT I** of Plaintiff's amended complaint with prejudice and to **DISMISS COUNT II** without prejudice.  The Clerk is **FURTHER ORDERED** to close this case.

BACKGROUND

Plaintiff, Kemp J. Simonetto ("Simonetto"), filed suit against Defendants, Board of Trustees of Purdue University and Purdue

University Calumet (collectively "Purdue"), along with a former professor of his, Defendant, Eugene DeFelice ("DeFelice").  Count I of Simonetto's amended complaint alleges 42 U.S.C. section 1983 claims against Defendants, claiming they violated his First Amendment rights, as well as his procedural and substantive due process rights.  Count II of Simonetto's amended complaint alleges various Indiana state law claims, including defamation, intentional and negligent infliction of emotional distress, breach of contract rights, tortious interference with contract rights, attempted bribery, harassment, tortious interference with prospective business advantage, along with an alleged violation of Simonetto's due process rights under the Indiana Constitution.

   Simonetto is a former student at Purdue.  DeFelice was his professor for two classes.  Simonetto claims he was targeted for individual acts of harassment and intimidation at the hands of DeFelice.  Simonetto complained to Purdue.  Two weeks after the complaint, Simonetto was formally accused of "pushing a professor," namely DeFelice.  Simonetto was required to attend a disciplinary hearing/administrative meeting.  Simonetto was denied access to information regarding the charge prior to the hearing.  Also, Simonetto was not allowed to have an attorney present at the hearing.  After the hearing, the allegation of pushing a professor was dismissed.  Several complaints were later filed, both by Simonetto and by DeFelice.  No disciplinary action was taken against Simonetto, and

Simonetto's complaints were ultimately dismissed. In the end, Simonetto alleges his grades in the two classes (a "C" and "D" respectively), were lower than he should have received.

Purdue and DeFelice has separately filed motions for summary judgment. The issues have been fully briefed and ripe for adjudication.

DISCUSSION

The standards that generally govern summary judgment motions are familiar. Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper only if it is demonstrated that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In other words, the record must reveal that no reasonable jury could find for the nonmovant. *Karazanos v. Navistar Int'l Transp. Corp.*, 948 F.2d 332, 335 (7th Cir. 1991); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). In deciding a motion for summary judgment, a court must view all facts in the light most favorable to the nonmovant. *Anderson*, 477 U.S. at 255; *Nucor Corp. v. Aceros Y Maquilas De Occidente*, 28 F.3d 572, 583 (7th Cir. 1994).

The burden is upon the movant to identify those portions of "the pleadings, depositions, answers to interrogatories, and admissions on

file, together with the affidavits," if any, that the movant believes demonstrate an absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the movant has met this burden, the nonmovant may not rest upon mere allegations but "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *Becker v. Tenenbaum-Hill Assocs., Inc.*, 914 F.2d 107, 110 (7th Cir. 1990); *Schroeder v. Lufthansa German Airlines*, 875 F.2d 613, 620 (7th Cir. 1989). "Whether a fact is material depends on the substantive law underlying a particular claim and 'only disputes over facts that *might affect the outcome* of the suit under governing law will properly preclude the entry of summary judgment.'" *Walter v. Fiorenzo*, 840 F.2d 427, 434 (7th Cir. 1988) (citing *Anderson*, 477 U.S. at 248).

"[A] party who bears the burden of proof on a particular issue may not rest on its pleading, but must affirmatively demonstrate, by specific factual allegations, that there is a *genuine* issue of material fact which requires trial." *Beard v. Whitley County REMC*, 840 F.2d 405, 410 (7th Cir. 1988) (emphasis in original); *see also Hickey v. A.E. Staley Mfg.*, 995 F.2d 1385, 1391 (7th Cir. 1993). Therefore, if a party fails to establish the existence of an essential element on which the party bears the burden of proof at trial, summary judgment will be appropriate. In this situation, there can be "'no genuine issue as to any material fact', since a complete failure of proof concerning an essential element of the nonmoving party's case

necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.

Motion to Strike

Defendant DeFelice seeks to strike the declaration of Simonetto that was submitted in response to DeFelice's summary judgment motion. DeFelice claims the declaration contains hearsay and conclusory statements. The Court did not consider the declaration in making its decision. Upon review of all the evidence submitted, no genuine issue of material fact exists. Accordingly, the motion to strike is **DENIED AS MOOT**.

Motions for Summary Judgment

42 U.S.C. section 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Therefore, Simonetto must present a genuine issue of material fact that a "person" under the statute violated Plaintiff's constitutional, or federal statutory, rights in order to survive summary judgment. *See id.* Simonetto is unable to do so, and thus the Court **GRANTS** the

-5-

motions for summary judgment with regard to Simonetto's constitutional claims ("section 1983 claims").

A state is not a "person" for the purposes of section 1983. 42 U.S.C. § 1983; *Williamson v. Indiana Univ.*, 345 F.3d 459, 463 (7th Cir. 2003) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989); *Hernandez v. Joliet Police Dept.*, 197 F.3d 256, 265 (7th Cir. 1999)). Therefore, a state is immune from suit under section 1983. *Id.* Thus, the Court does not even reach the question of sovereign immunity as raised by Purdue. *See Omosegbon v. Wells*, 335 F.3d 668, 673 (7th Cir. 2003) (stating "[t]he district court held that the Eleventh Amendment barred [plaintiff's] claims for money damages against the state (of which ISU is a part) and against the individual defendants in their official capacities. While we agree that those claims cannot go forward, there is no need to reach the Eleventh Amendment issue, because the state is not a 'person' that can be sued in this way under 42 U.S.C. section 1983.") (citing *Will*, 491 U.S. at 71; *Lapides v. Bd. of Regents of Univ. Sys. of Georgia*, 535 U.S. 613, 617 (2002); *Vermont Agency of Natural Resource v. United States*, 529 U.S. 765, 780-81 and n.9 (2000)).

As a state university, Purdue is an arm of the state and therefore not subject to suit under section 1983. *Williamson*, 345 F.3d at 463 (citing *Power v. Summers*, 226 F.3d 815, 818 (7th Cir. 2000); *Kaimowitz v. Bd. of Tr. of Univ. of Illinois*, 951 F.2d 765, 767 (7th Cir. 1991)). Simonetto does not argue this issue in his response

to the summary judgment motions. Having reviewed Purdue's arguments, the Court finds there is no dispute as to the material facts. Because Purdue (and its board of trustees) is immune from suit under section 1983, Simonetto's section 1983 claims against Purdue fail, and summary judgment must be granted.

State officials may be sued in their personal capacity, and in some circumstances, in their official capacity under section 1983. *See Power*, 226 F.3d at 819 (stating official capacity suits are permitted) (citing *Will*, 491 U.S. at 71 n.10; *Ex Parte Young*, 209 U.S. 123 (1908); *Bathesda Lutheran Homes & Servs., Inc. v. Leean*, 122 F.3d 443, 444 (7th Cir. 1997)). Suits against state officials in their official capacity are limited to those seeking prospective injunctive relief because suing an official in his or her official capacity is effectively suing the state. *Id.* Thus, when one sues an official in his or her official capacity, the Eleventh Amendment's sovereign immunity applies, and only *Ex Parte Young* allows such a suit. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (stating suits against state officials in their official capacity should be treated as suits against the state); *Ex Parte Young*, 209 U.S. 123 (1908); *Power*, 226 F.3d at 819. The example of this type of forward-looking relief is an injunction against retaliating against professors for exercising their rights to free speech. *Power*, 226 F.3d at 819.

Simonetto, in his response to the summary judgment motions, does not address DeFelice's liability in his official capacity; thus, the

-7-

Court assumes Simonetto concedes summary judgment is proper as to the section 1983 claims against DeFelice in his official capacity. The Court does, however, briefly address the issue. The purpose of an official capacity suit under section 1983 is to allow plaintiffs an avenue to injunctive relief against the state, as the state is the real party in interest. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) (stating suits against state officials in their official capacity should be treated as suits against the state and that the real party in interest is the state) (citing *Graham*, 473 U.S. at 166). It follows that one is in reality suing the office of the individual named in his or her official capacity. *See id.* For example, if one were to sue the state "X's" attorney general, John Doe, and John Doe retired while the litigation was pending, the suit would not continue against John Doe. Instead, if Jane Doe replaced him, her name would be substituted and she would take John Doe's place in the litigation. *See id*. (stating the successor to the named-defendant would also succeed to the role of the named-defendant in the litigation).

Suing DeFelice as an official of the state in his "official capacity" is untenable. *See Hafer*, 502 U.S. at 25 (stating suits against state officials in their official capacity should be treated as suits against the state and that the real party in interest is the state) (citing *Graham*, 473 U.S. 166). In an official capacity suit, the successor to the named defendant (in his or her official capacity) would also succeed to the role of the named-defendant in the

litigation. Since any liability which DeFelice could have in this case is not liability based upon his actions which could be charged to his "office" and thus passed to his prospective successor, DeFelice is not actually being sued in any sort of official capacity. More concisely put, DeFelice's liability, if any, must rest upon his actions in his personal capacity.

It is hard to place DeFelice in the category of "state official" such as a governor or even as chancellor of a state university. Simonetto did not sue the office of "tenured professor" such that if DeFelice would retire while litigation was ongoing, a newly appointed tenured professor who took over DeFelice's classes and office would succeed to DeFelice's position in the litigation. That result would defy logic.

Even if the Court assumes DeFelice is a state official and can be sued in his official capacity, Simonetto does not seek the type of relief which allows him to avoid DeFelice's immunity from suit under section 1983. The only relief a plaintiff may receive by suing a state official in his official capacity is prospective injunctive relief. *Edelman v. Jordan*, 415 U.S. 651, 667-68 (1974) (stating the difference between allowable equitable relief with regard to official capacity suits and that which is barred by the Eleventh Amendment is that "the fiscal consequences to state treasuries [in cases of allowable equitable relief] were the necessary result of compliance with decrees which by their terms were *prospective* in nature.)

(emphasis added)). Simonetto seeks no such relief, but rather asks for the righting of alleged past wrongs as opposed to seeking relief from a continuing wrong. A section 1983 suit is not the proper method through which to seek such relief as an official capacity suit is barred with regard to money damages or retrospective injunctive relief. *See id.* (stating state officials may be sued in their official capacity for prospective injunctive relief).

As Simonetto is no longer a student, and no longer affected by Purdue's actions through DeFelice, no prospective injunctive relief could be had. Simonetto did not ask for such relief; rather, he asked that the Court get involved in the school's grading process, expunge his record of things that do not exist (or at least that Plaintiff possesses a letter stating that no charges or negative marks are in his record), and a new hearing regarding his allegations. DeFelice has no control over Purdue's complaint procedures, nor does he control Simonetto's record.

The only sought-after relief DeFelice might have any control over is regarding Simonetto's grades. Simonetto does not even ask that DeFelice do so. Rather, Simonetto specifically requests that Purdue review his grades. (*See* Pl.'s Am. Compl., ¶ 28.) As DeFelice is not a person who can effectuate the relief sought by Simonetto, DeFelice cannot be sued in his "official capacity" in order to gain an injunction against the school. Summary judgment is thus proper against Simonetto with regard to all section 1983 claims against

-10-

DeFelice in his official capacity.

Individuals can be sued under section 1983 because they qualify as "persons" under the statute, so long as the wrong committed was under color of state law and violated the plaintiff's federal constitutional or statutory rights.  42 U.S.C. § 1983; *Hafer v. Melo*, 502 U.S. 21, 23 (1991).  Such a suit "seek[s] to impose individual liability upon a government officer for actions taken under color of state law."  *Hafer*, 502 U.S. at 25.  The Eleventh Amendment is not a barrier to suits for damages to be paid by the individual employee or official of a state.  *Id.* at 30-31.  Thus, DeFelice may be held personally responsible for any damages resulting from any violation of Simonetto's constitutional rights due to DeFelice's actions.  For the sake of argument, the Court assumes any action taken in DeFelice's capacity as a professor was under color of state law.

Simonetto's response does not address DeFelice's personal liability with regard to Simonetto's section 1983 claims, and the Court assumes Simonetto has conceded summary judgment is proper on Plaintiff's section 1983 claims on DeFelice individually.  The Court will, however, briefly address the issue.  DeFelice could not be personally responsible with regard to Plaintiff's due process claims as he has no control over the complaint and hearing procedure.  The only possible exception is the issue of the assigned seating arrangement, which cannot possibly trigger a due process violation on the part of DeFelice, as Plaintiff has no recognized property in a

-11-

particular seat in a classroom.

With regard to Simonetto's free speech claims, Simonetto states no facts which could give rise to a free speech claim and thus, DeFelice is entitled to judgment as a matter of law. Although free speech rights are not "shed . . . at the schoolhouse gate," a classroom is a non-public forum. *Zykan v. Warsaw Cmty. Sch. Corp.*, 631 F.2d 1300, 1304 (7th Cir. 1980) (quoting *Tinker v. Des Moines Indep. Cmty. School Dist.*, 393 U.S. 503, 506 (1969) (internal quotation marks omitted)). If the professor had not opened up his class as a full and free forum, the professor may reasonably restrict speech in the classroom in order to further his pedagogical interests and those of other students. *See Hazelwood School Dist. v. Kuhlmeier*, 484 U.S. 260, 267 (1988) (stating when no public forum has been created by the policy or practices of the school, "reasonable restrictions on the speech of students" are permissible).

Simonetto does not directly address DeFelice's alleged violations of Simonetto's free speech rights. Although the Court need not develop Simonetto's arguments for him, the Court will assume the claim upon incidents, including the following: First, DeFelice allegedly rebuked Simonetto for making comments that were unrelated to the subject matter and would not allow Simonetto to speak as much as he would have liked while in class. Second, DeFelice allegedly stated "questions threw him off" of his lectures and "weren't relevant most of the time." Moreover, DeFelice stated Simonetto's questions

directed towards a presenter were not relevant and missed the point.

The fact Simonetto was not allowed to speak as often as he would have liked in class is not a violation of his free speech rights. If a professor were to teach a class through lectures only and allow no questions, students could not claim their rights to express their views on the subject matter were stifled in derogation of the First Amendment. Lecturing is a reasonable method of teaching, as is allowing only minimal discussion and questioning. Therefore, to limit student speech is a perfectly reasonable action on the part of the professor.

During the second alleged incident, Simonetto was clearly allowed to speak openly and often. He states, "Simonetto asked a couple of questions of [a woman student giving a senior project presentation]. Every question he asked, DeFelice would say, 'That's not relevant' or 'You're missing the point.'" DeFelice apparently did not say anything when other questions were asked. The fact DeFelice did not agree with Plaintiff, or that he believed Plaintiff's questions to be off-topic, did nothing to stifle Plaintiff's speech; in fact, Plaintiff apparently continued to be allowed to ask questions. As no liability for violations of Simonetto's free speech rights can be shown under the facts as presented by Simonetto and viewed in the light most favorable to him, summary judgment in favor of DeFelice is appropriate.

State Law Claims

The claims remaining for the Court's consideration are Simonetto's claims under Count II, for defamation, intentional and negligent infliction of emotional distress, breach of contract rights, tortious interference with contract rights, attempted bribery, harassment, tortious interference with prospective business advantage, along with an alleged violation of his due process rights under the Indiana Constitution. All of these claims are based upon Indiana state law. Upon due consideration, these claims are **DISMISSED** without prejudice, because the federal claims have been dismissed prior to trial. 28 U.S.C. § 1367(c); *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999) ("[I]t is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial.").

CONCLUSION

For the reasons set forth above, Defendant Eugene DeFelice Motion for Summary Judgment and the Motion for Summary Judgment by the Board of Trustees of Purdue University and Purdue University Calumet are **GRANTED**; Defendant Eugene DeFelice's Motion to Strike Declaration of Plaintiff is **DENIED AS MOOT**. The Clerk is **ORDERED** to **DISMISS COUNT I** of Plaintiff's amended complaint with prejudice and to **DISMISS COUNT**

**II** without prejudice.  The Clerk is **FURTHER ORDERED** to close this case.


**DATED:  May 10, 2005**                         **S/RUDY LOZANO, Judge**
                                                   **United States District Court**